# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * *
STACY POULIGNOT-GARTNER,     *
                                        *     No. 15-869V
              Petitioner,    *     Special Master Christian J. Moran
                                        *
v.                                         *     Filed: March 9, 2017
                                        *
SECRETARY OF HEALTH         *
AND HUMAN SERVICES,        *     Attorneys' fees and costs.
                                          *
              Respondent.    *
* * * * * * * * * * * * * * * * * * * *

<u>Maximillian J. Muller</u>, Muller Brazil, LLP, Dresher, PA, for Petitioner;
<u>Traci R. Patton</u>, U.S. Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION ON FEES AND COSTS[1]

After receiving compensation through the Vaccine Program, Stacy Poulignot-Gartner filed a motion for attorneys' fees and costs. Ms. Poulignot-Gartner is awarded **$26,607.47**.

\*     \*     \*

Ms. Poulignot-Gartner alleged that the influenza vaccine she received caused her to suffer from transverse myelitis, myeloradiculitis of the lower extremities, paresthesias of the bilateral legs perineum, urinary retention, and neuropathic pain. Ms. Poulignot-Gartner was awarded compensation based on the parties' stipulation. <u>Decision</u>, filed Aug. 22, 2016, 2016 WL 4978441. With the

---

[1] The E-Government Act, 44 § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

merits of Ms. Poulignot-Gartner's case resolved, the parties turned to the issue of attorneys' fees and costs.

On February 2, 2017, Ms. Poulignot-Gartner filed the pending motion for attorneys' fees and costs. Ms. Poulignot-Gartner requested $25,611.50 in attorneys' fees and $1,528.97 in attorneys' costs. On February 3, 2017, the Secretary filed a response to Ms. Poulignot-Gartner's application. The Secretary did not identify any specific objections and was "satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp., filed Feb. 3, 2017, at 2.

This matter is now ripe for adjudication.

\*   \*   \*

Because Ms. Poulignot-Gartner received compensation, she is entitled to an award of reasonable attorneys' fees by right. 42 U.S.C. § 300aa-15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Humans Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348.

\*   \*   \*

Ms. Poulignot-Gartner requests compensation for her attorney, Mr. Maximillian J. Muller. For work in this case, Mr. Muller has charged $255 per hour in 2014, 2015, and the first half of 2016. Beginning in June 2016, Mr. Muller charged $275 per hour for his work. Additionally, Mr. Muller charged $125 per hour for work done by his paralegal. These rates have been found reasonable. See Aikin v. Sec'y of Health & Human Servs., 15-964V, 2016 WL 6080802, at *1 (Fed. Cl. Spec. Mstr. Sept. 19, 2016); Furniss v. Sec'y of Health & Human Servs., 14-481V, 2016 WL 3211221, at *1 (Fed. Cl. Spec. Mstr. May 18, 2016). These rates are also consistent with his experience and fall within the McCulloch rate matrix. See generally McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Secretary did

not directly challenge any of the requested rates as unreasonable.  These proposed rates are accepted as reasonable.

The second factor in the lodestar formula is a reasonable number of hours.  Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).  In this case, Mr. Mueller worked 79.3 hours at a rate of $255 per hour and 15.1 hours at $275 per hour.  His paralegal logged 9.9 hours of work on this case.  The Secretary did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See Shea v. Sec'y of Health & Human Servs., No. 13-737V, 2015 WL 9594109, at *2 (Fed. Cl. Spec. Mstr. Dec. 10, 2015) ("special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination … and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies").  Most aspects of the application for attorneys' fees appear reasonable.

However, there were instances where Mr. Mueller and his paralegal performed similar tasks, yet he continued to bill at a rate of $255 per hour for his work.  See Pet'r's Fees, filed Feb. 2, 2017, at 2-5.  While Mr. Muller has discretion in choosing which tasks to perform and which to delegate, tasks "that a paralegal can accomplish should be billed at a paralegal's hourly rate."  Riggins v. Sec'y Health & Human Servs., 99-382V, 2009 WL 3319818, at *25 (Fed. Cl. Spec. Mstr. June 15, 2009).  Therefore, the attorneys' fees will be reduced to reflect those hours being billed at the rate of $125 per hour instead of $255 per hour.  Ms. Poulignot-Gartner is awarded attorneys' fees of $25,078.50.

In addition to seeking an award for attorneys' fees, Ms. Poulignot-Gartner seeks compensation for costs expended.  The costs appear to be reasonable and are adequately documented.  Consequently, Ms. Poulignot-Gartner is awarded attorneys' costs of $1,528.97.

\*      \*      \*

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  §15(e).  The undersigned finds $26,607.47 ($25,078.50 in fees and $1,528.97 in costs) to be a reasonable amount for all attorneys' fees and costs incurred.  Pursuant to General Order No. 9, Ms. Poulignot-Gartner did not personally incur

any costs in pursuit of this litigation.  The undersigned GRANTS the petitioner's motion and awards $26,607.47 in attorneys' fees and costs.  This shall be paid as follows:

> **A lump sum of $26,607.47, in the form of a check made payable to petitioner and petitioner's attorney, Maximillian J. Muller, of Muller Brazil, LLP, for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.